■ In the Matter of FRANCIS J. CATTANACH, Deceased. CHEMICAL BANK NEW YORK TRUST COMPANY, et al., Respondents; MAY L. CATTANACH et al., Appellants.— In a discovery proceeding by the executor to recover certain bonds or their proceeds from decedent's second wife (the respondent Lillian Cattanach), who claimed that the bonds were given to her by decedent as an *inter vivos* gift, decedent's first wife and their daughter appeal from a decree of the Surrogate's Court, Nassau County, entered January 22, 1964 after a nonjury trial upon the court's decision and opinion, which adjudged that the said respondent Lillian Cattanach is the owner and entitled to the possession of the bonds, and which dismissed the petition. Decree affirmed, with costs to respondent Lillian Cattanach payable out of the estate. The record presents, primarily, a question of fact as to whether the claimed gift was made. In our opinion, the Surrogate's determination, namely: that respondent Lillian Cattanach had sustained the burden of proving the essential elements of a gift *inter vivos*, is supported by adequate proof (cf. *Matter of Presender*, 285 App. Div. 109, 118). We are also of the opinion that the examination of said respondent by appellants' counsel with respect to the sale of some of the bonds by decedent subsequent to the alleged gift opened the door to respondent's further testimony, on cross-examination by her attorney, that the sale had been made at her request (cf. *Matter of Berardini*, 238 App. Div. 433, 435, affd. 263 N. Y. 627). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of FRANKLIN STAINLESS CORP., Appellant, v. BOND METAL PRODUCTS, INC., Judgment Debtor. IRVING HOCHBERG, Respondent.— In a proceeding supplementary to judgment by a judgment creditor to punish a witness, the respondent Hochberg, for contempt of court by reason of his alleged false testimony under oath during his examination as to the business affairs of the judgment debtor corporation, the judgment creditor appeals from an order of the Supreme Court, Kings County, made December 27, 1963 on reargument, insofar as it adhered to the court's original decision and denied the creditor's application. Order, insofar as appealed from, reversed on the law and the facts, without costs, and proceeding remitted to the Special Term for the purpose of: (1) holding a hearing at which the respondent shall account for the balance of the debtor's funds withdrawn by respondent from his personal bank account; and (2) making a determination *de novo* of the proceeding upon the basis of the facts disclosed on such hearing. Findings of fact implicit in the Special Term's decision, insofar as they may be inconsistent herewith, are reversed. In our opinion, respondent's failure to account for over $10,000 of the debtor's money under respondent's sole control requires that a hearing be had. If the judgment debtor was entitled to the possession of such money, then the respondent's false testimony or suppression of the true facts relating thereto may well have prejudiced in a material manner the judgment creditor's rights to resort to the money in satisfaction of its judgment. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.